[No. 17588.  Department Two.  January 16, 1923.]

# C. B. HANSEN et al., Respondents, v. E. T. HARRIS et al., as County Commissioners of Kitsap County, Appellants, J. A. HOLMBERG et al., Defendants, PEDER ERLANDSEN et al., Intervening Defendants.[1]

HIGHWAYS (11, 12)—ESTABLISHMENT—PROCEEDINGS—POWERS OF COUNTY BOARD—CHANGE IN PLANS—STATUTES—CONSTRUCTION. An order of the county commissioners adopting the engineer's plans and estimates for a public highway under the Donohue road act, Rem. Comp. Stat., § 6606, is not final but tentative only, and the provisions of said section must give way to or is impliedly repealed by the later amendment of the act, Id., § 6610, which provides for a public hearing after notice to all owners upon the filing of the reports of the engineer and appraisers, and gives the board power to modify or change the plans and estimates of damages and benefits.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered March 20, 1922, upon findings in favor of the plaintiffs, granting a writ of mandamus to compel a county board to construct and improve a highway, after a hearing upon an agreed statement of facts.  Reversed.

*Ray R. Greenwood (Chadwick, McMicken, Ramsey & Rupp* and *Stephen F. Chadwick,* of counsel), for appellants.

*F. S. Thorp, Lewie Williams,* and *W. B. Severyns,* for respondents.

TOLMAN, J.—This is an appeal by the county commissioners of Kitsap county, from a judgment granting a peremptory writ of mandate directing them, as a board, to proceed at once to improve, build and construct Donohue Road No. 1, of Kitsap county, in ac-

[1] Reported in 212 Pac. 171.

cordance with a resolution made by the board on May 17, 1920.

It appears that, on January 5, 1920, a petition was filed by sufficient of the property owners interested, praying for the improvement and repair of a certain existing and established highway on Bainbridge Island, under what is known as the Donohue act. Upon the filing of the petition, the board made and entered a resolution fixing February 3, 1920, as the time for a hearing thereon, and directing that notice be given. The county engineer made a preliminary survey and filed his report at or before the time of the hearing, wherein he found the project to be feasible, and recommended a graded and gravelled road. Upon the hearing, no objections or protests being made, the board ordered that the road, to be known as Donohue Highway No. 1, be improved in accordance with the prayer of the petition. The county engineer was directed to proceed with the engineering work necessary, and he thereafter made a survey of the road, prepared profiles, maps, plans and specifications and an estimate of the costs of construction and improvement of the highway, and also made certain recommendations concerning deviations from the existing lines of the highway such as he deemed to be of advantage.

On May 17, 1920, without any previous notice and without any public hearing on the matters contained in the engineer's report, the board adopted a resolution approving the plans, specifications, etc., as prepared and submitted by the county engineer, and directed that the improvement be made under the provisions of the Donohue act. These plans called for the construction of the road over a route deviating materially from the route described in the original petition, and the board now contends that the cost thereof will greatly exceed the cost of building or improving over

the original route. On August 16, 1920, an order was made calling for bids upon the proposed work, notice thereof was published, and on the same day appraisers were appointed, and the engineer's report placed in their hands. Thereafter the board created an improvement fund, directed the issuance of bonds to the amount of $60,000, received bids and sold the bonds, and on December 6, 1920, entered into a contract for the improvement based upon unit prices, reserving the right, on the recommendation of the county engineer, to increase or diminish the amount of work to be done under the plans theretofore adopted. In the meantime, and on October 18, 1920, a protest was filed with the board signed by a large number of property owners affected, protesting against the improvement being made upon the line as surveyed, because of the high and unjustifiable cost occasioned by the deviations from the existing highway. About the same time, other property owners petitioned the board to start work on the road in accordance with the approved plans. On December 20, 1920, without any general notice, the board considered proposed changes in the route, but made none.

There is nothing in the record to indicate that the appraisers filed any report prior to May 17, 1921. Under that date, the minutes of the board first mention such a report and fix a future time for a hearing thereon, and thereafter such report was set for hearing on January 3, 1922, and due notice given. On that date, the board, at a public hearing and for the first time, accorded an opportunity for all parties interested to submit evidence as to the costs and benefits respectively of the two plans. After hearing the evidence, the board adopted a resolution reciting all of the steps theretofore taken, and that sufficient evidence had then

been received to enable the board to determine all pertinent matters, and thereupon it was resolved that the engineer's plans, as adopted on May 17, 1920, be modified and changed so as to comply with the route described in the original petition, and that the contractors, on receipt of the revised plans, proceed at once with the work under the terms of their contract.

These facts (and others) having been stipulated, this action, brought by respondents to compel the commissioners to proceed under the resolution of May 17, 1920, was submitted to the superior court for decision, and resulted in the judgment from which the commissioners have appealed.

This controversy arises out of what appears to be inconsistent provisions of the statute. The statute law applicable will be found in Rem. Comp. Stat., § 6598 *et. seq.* The act empowers county commissioners to locate, establish, construct and improve public roads and highways. Section 6602 provides that the cost shall be apportioned to the persons and property benefited. Section 6603 provides that application for such an improvement shall be made to the county commissioners by petition. Section 6605 provides for a hearing, after notice, on the petition and on the preliminary report of the county engineer, and authorizes an order that the improvement be made, all as was here done on February 3, 1920. Section 6606 provides that, if the improvement be ordered, a certified copy of the order shall be transmitted to the county engineer, and that he thereupon make the necessary surveys, prepare plans, etc., and make recommendations as to deviations from the existing lines, if he shall deem that necessary to secure a shorter or more direct route, lessen gradients, or otherwise improve the highway, and

"Upon the completion of such profiles, maps, plans, specifications, and estimate, a copy thereof shall be

transmitted to the board of county commissioners, and upon the receipt of which the board of county commissioners may pass a resolution adopting the same and that such highway, or section thereof, shall be improved under the provisions of this act."

This is the legislative authority for the order of May 17, 1920, above referred to. Section 6607 provides for the appointment of appraisers and fixes their duties, and it is apparent that until they report there is no means of approximating the cost of the improvement, save only the estimate of the county engineer. Section 6608 further defines the duties of the appraisers and what shall be covered by their report, and

". . . upon the filing of such report the clerk shall without delay fix a date for the hearing of the reports of the engineer and appraisers; which date shall be not less than fifteen nor more than thirty days from the date of filing said reports, and shall prepare a notice in writing directed to all owners of land, road districts or township, affected by the improvement, setting forth the pendency, substance and prayer of petition, . . . . Such notice shall be published in the official newspaper of the county for at least two consecutive weeks before the day set for the hearing, which publication shall be proved by the affidavit of the printer or publisher of such newspaper and filed with the clerk on or before the date of hearing."

Section 6610 reads as follows:

"At said hearing the board shall hear all pertinent evidence, including any evidence concerning the probable cost of the improvement and the probable benefits to accrue therefrom, and may change, add to or modify, the plans for such improvement, and change the estimate of damages or benefits in any case, and may review, change, and modify any of the findings or estimates of the engineer or the appraisers, and may, in its discretion, employ another engineer to make separate findings on any or all of the matters herein-

before required to be included in the report of the engineer and may adjourn said hearing and await such report. In case any change in the plans of the proposed improvements is made at said hearing, and such change will cause additional damages to any property, or will damage any property not damaged under the original plans, the engineer and appraisers shall prepare and file a schedule showing the estimated damages and benefits under such changed plans, and notice of the filing of such schedule shall be served upon the owners of the properties affected, and settlement made as hereinafter provided, and shall then confirm the same by resolution.''

Section 6611 provides that any person party to the proceedings may file exceptions to the apportionment of benefits or compensation for damages at any time before the final hearing on the report, and that the commissioners may try out the issues so raised.

It is apparent from this review of the act that the inconsistency which causes this controversy is occasioned by the language of § 6606 quoted, and which, if given its full effect, will wipe out and overcome the plain provisions of § 6610, also quoted. It is the general rule that all the provisions of an act must be considered in their relations one to the other, and a construction placed thereon which will harmonize all, if possible, and give effect to all. It is impossible to harmonize the several provisions of the act, if the provisions of § 6606 as to the adopting of plans be construed as the trial court has construed them. The right of all persons to a hearing is a valuable right, and where, as here, the cost of the improvement is charged against the property benefited, the persons who are to pay that cost cannot be denied their day in court. It is but fair to the trial court to say that § 5742, Rem. Code, was materially amended by Laws of 1921, p. 637, § 2, and as so amended it now appears

as Rem. Comp. Stat., § 6610, to which we have been referring, and this amendment, though in effect prior to the time when the commissioners first attempted to act on the appraisers' report, may not have been called to the attention of the court below, nor was it suggested here.

In the light of this amendment, subsequent in time to the enactment of § 6606 in its present form, and of the section as it now stands, giving to the board power to review, change and modify the plans upon the public hearing to be held after the report of the appraisers has been received, there can be no question but that § 6606, if not amended by implication, must give way to the later enactment, and that likewise the previous order of the board, made on May 17, 1920, under the provisions of § 6606, is a tentative approval only and must give way to the final order made under the terms of the later enactment.

The judgment of the trial court is therefore reversed with directions to dismiss the action.

MAIN, C. J., PARKER, FULLERTON, and MACKINTOSH, JJ., concur.